```
                    United States District Court
                      District of Massachusetts
┌─────────────────────────────────┐
│                                 )
│ Federal Deposit Insurance       )
│ Corporation, as receiver for    )
│ AmTrust Bank,                   )
│                                 )
│         Plaintiff,              )
│                                 )
│         v.                      )
│                                 )
│ Drew Mortgage Associates, Inc., )
│                                 )   Civil Action No.
│         Defendant,              )   15-14012-NMG
│                                 )
│         v.                      )
│                                 )
│ Tania M. Lopez, et al.,         )
│                                 )
│         Third-Party             )
│         Defendants.             )
│                                 )
└─────────────────────────────────┘
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a dispute over information contained in underwriting packages for several loan agreements. Plaintiff, the Federal Deposit Insurance Corporation ("FDIC"), alleges that defendant Drew Mortgage Associates, Inc. ("Drew" or "defendant") misrepresented or provided false information in underwriting loan packages conveyed to AmTrust Bank. Drew subsequently filed a third-party complaint against the borrowers, including Jane F. Ferreira ("Ferreira"), who provided Drew with the information that it included in the subject loan packages.

-1-

Pending before the Court is Ferreira's motion to dismiss the third-party complaint as asserted against her. For the reasons that follow, the motion will be allowed, in part, and denied, in part.

I. **Background**

   A. **The Loan Purchase Agreement**

In or about June, 2013, Drew entered into a loan purchase agreement ("the agreement") with Ohio Savings Bank, later renamed AmTrust Bank ("AmTrust"). Pursuant to that agreement, AmTrust was to purchase Drew's interest in certain mortgages granted by borrowers to Drew. Drew, in turn, was obligated to collect information from prospective borrowers and submit it to AmTrust.

   B. **Ferreira's Loans**

In 2006, Ferreira submitted two loan applications, in the amounts of $232,500 and $77,500, respectively, to Drew. AmTrust approved those loans and, later, Ferreira granted two mortgages on property in Orlando, Florida, to Drew to secure the loans.

In 2009, AmTrust filed a foreclosure action against Ferreira in Florida state court. That case was resolved when Ferreira sold the property, pursuant to a short sale agreement with AmTrust, thus satisfying and discharging the mortgages.

### C. Procedural History

In December, 2015, the FDIC, as receiver for AmTrust, filed a one-count complaint against Drew for breach of the loan purchase agreement, alleging that Drew misrepresented or provided false information to AmTrust with respect to loan packages.[1]

In April, 2016, Drew filed a third-party complaint against Ferreira and five other borrowers, for breach of contract (Count I), fraud (Count II), negligent misrepresentation (Count III), indemnification (Count IV) and contribution (Count V). All of the borrowers, except Ferreira, failed to respond to the third-party complaint, and, consequently, the Clerk of this Court entered default judgment against them in September, 2016.

Ferreira, the only third-party defendant to respond, filed a motion to dismiss Drew's claims against her in September, 2016. That motion is the subject of this memorandum.

## IV. Ferreira's Motion to Dismiss

### A. Choice of Law

In response to this Court's Order dated April 3, 2017, requesting supplemental briefing on choice of law, the parties stipulated that Florida law applies. Accordingly, the Court

---

[1] In or about 2009, the FDIC was appointed as receiver for AmTrust, pursuant to 12 U.S.C. §§ 1464(d)(2)(A) and 1821(c)(5), after the bank failed.

will apply Florida law. See Chinn v. Gen. Motors Corp., No. 07-11249, 2007 WL 4287594, at *2 (D. Mass. Dec. 7, 2007) (noting that the parties "may stipulate that the law of one of the jurisdictions will apply").

**B. Motion to Dismiss**

   **1. Legal Standard**

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to

judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

**2. Application**

Ferreira seeks dismissal of all of Drew's claims against her on grounds that 1) the claims are barred by the respective statutes of limitations and/or 2) Drew has failed to state a claim upon which relief can be granted.

**a. Count I: Breach of Contract**

Under Florida law, breach of contract claims must be brought within five years of the alleged breach. Fla. Stat. § 95.11(2)(b).

Here, the alleged breach occurred when Ferreira purportedly misrepresented facts on her loan applications that she submitted to Drew. Because her loans closed in November, 2006, nearly ten years before Drew filed its third-party complaint, Drew's breach of contract claim is time-barred.

Although Drew might not have known about the harms arising out of the subject misrepresentations until the FDIC filed its lawsuit in 2015, the limitations period began to run at the time of breach not when Drew learned of the harm. Med. Jet, S.A. v. Signature Flight Support-Palm Beach, Inc., 941 So. 2d 576, 578 (Fla. Dist. Ct. App. 2006).

Accordingly, Count I of the third-party complaint will be dismissed.

### b. Count II: Fraud

Ferreira avers that Drew's claim for fraud is barred by the statute of limitations because Drew knew or should have known in November, 2006, that the information it provided to AmTrust about Ferreira's loans was false. Drew responds that it was not obligated to verify the information that Ferreira provided to it, and, as a result, it did not know that the information might be false until the FDIC filed its lawsuit in December, 2015.

The statute of limitations for fraud claims under Florida law is four years. Fla. Stat. § 95.11(3)(j). The limitations period can be tolled, however, pursuant to the so-called discovery rule in which the limitations period does not commence until the facts giving rise to the claim for fraud were discovered or should have been discovered with due diligence. Fla. Stat. § 95.031(2)(a).

Taking Drew's allegations in its third-party complaint as true, as the Court must do, see Mack v. Consolidated Rail Corp., 24 F. Supp. 2d 126, 127 (D. Mass. 1998), it did not have to verify that Ferreira's information was accurate. Moreover, Ferreira's first mortgage was assigned to another mortgagee. Therefore, Drew did not know that the information in Ferreira's loan packages could have been false until the FDIC filed its complaint with this Court in December, 2015. Because Drew filed

its third-party complaint four months later, in April, 2016, the fraud claim is well within the four-year limitations period.

### c. Count III: Negligent Misrepresentation

Florida's statute of limitations for negligent misrepresentation is four years. Lehman Bros. Holdings, Inc. v. Phillips, 569 Fed. App'x 814, 816 (11th Cir. 2014). As for claims of fraud, the discovery rule tolls the limitations period for claims of negligent misrepresentation. Id. at 817.

Although, perhaps, Drew should have known in November, 2006, that it could be harmed by the information provided by Ferreira, "the mere possibility of damage at a later date" will not initiate the limitations period. Id. (quoting Kellermeyer v. Miller, 427 So. 2d 343, 346-47 (Fla. Dist. Ct. App. 1983)). Rather it begins when Drew is actually harmed by the alleged misrepresentations, see id., and that did not occur until the FDIC filed its lawsuit in 2015. Therefore, Drew's claim for negligent misrepresentation is timely.

### d. Count IV: Indemnification

In Count IV, Drew seeks indemnification from Ferreira (and the other third-party defendants) if it is found liable to the FDIC. Ferreira avers that 1) Drew has not stated a claim for indemnification because he does not allege a contractual basis for such an obligation and 2) the claim is barred by the statute of limitations.

With respect to the statute-of-limitations issue, the Court concludes that the indemnity claim is not time-barred. Under Florida law, the statute of limitations on a claim for indemnity does not begin to run until a judgment has been entered or the defendant has paid the claim. Kala Invs., Inc. v. Sklar, 538 So. 2d 909, 915-16 (Fla. Dist. Ct. App. 1989). Neither of those has occurred and, thus, Count IV is timely. See id.

Ferreira's sole contention that Drew has not stated a claim for indemnification because it failed to allege a contractual obligation is also unpersuasive. As Drew correctly notes, Florida law permits indemnity claims based upon common law rather than a written or oral contractual provision. See Diplomat Props. Ltd. P'ship v. Technoglass, LLC, 114 So. 3d 357, 359-60 (Fla. Dist. Ct. App. 2013) (citing Houdaille Indus., Inc. v. Edwards, 374 So. 2d 490 (Fla. 1979)).

Accordingly, Count IV will not be dismissed.

### e. Count V: Contribution

Finally, in Count V, Drew seeks contribution from Ferreira if it is found liable to the FDIC.

Florida law permits a claim for contribution only against a joint tortfeasor. Sterbenz v. Anderson, No. 8:11-cv-1159, 2013 WL 1278160, at *7 (M.D. Fla. Mar. 28, 2013) (quoting Lapidus v. Citizens Fed. Sav. & Loan Ass'n, 389 So. 2d 1057, 1058 (Fla. Dist. Ct. App. 1980) (per curiam)). Here, the FDIC has asserted

a <u>breach of contract</u> claim against Drew not a tort claim. Therefore, Ferreira cannot be a joint tortfeasor with Drew. <u>See</u> <u>Lapidus</u>, 389 So. 2d at 1058. Because Drew has failed to state a claim for contribution, Count V will be dismissed.

**ORDER**

For the forgoing reasons, the motion by third-party defendant Jane F. Ferreira to dismiss (Docket No. 62) is, with respect to Counts I and V, **ALLOWED**, but is, with respect to Counts II, III and IV, **DENIED**.

**So ordered.**

    /s/ Nathaniel M. Gorton
    Nathaniel M. Gorton
    United States District Judge

Dated April 21, 2017